UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRISTIE TURNER,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:20-cv-876-ACA |
| } | |
| **ETHICON, INC. and JOHNSON &** } | |
| **JOHNSON,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants Ethicon, Inc. and Johnson & Johnson's motion for summary judgment on all of Plaintiff Christie Turner's claims. (Doc. 19). Defendants also filed a motion to strike Ms. Turner's expert designation, or in the alternative, to exclude the opinions and testimony of Dr. W. Scott Webster. (Doc. 21).

A physician implanted Defendants' TVT pelvic mesh device in Ms. Turner to treat urinary incontinence. Ms. Turner filed suit against Defendants in a MDL proceeding, asserting the following state law claims arising from alleged complications associated with the pelvic mesh product:

| | |
|---|---|
| Count One: | Negligence |
| Count Two: | Strict Liability—Manufacturing Defect |
| Count Three: | Strict Liability—Failure to Warn |
| Count Four: | Strict Liability—Defective Product |
| Count Five: | Strict Liability—Design Defect |
| Count Six: | Common Law Fraud |
| Count Seven: | Fraudulent Concealment |
| Count Eight: | Constructive Fraud |
| Count Nine: | Negligent Misrepresentation |
| Count Ten: | Negligent Infliction of Emotional Distress |
| Count Eleven: | Breach of Express Warranty |
| Count Twelve: | Breach of Implied Warranty |
| Count Thirteen: | Violation of Consumer Protection Laws |
| Count Fourteen: | Gross Negligence |
| Count Fifteen: | Unjust Enrichment |

(Doc. 1 at 4–5; *see In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, 2:12-MD-02327).[1] After pretrial proceedings in the MDL, the court presiding over the MDL remanded Ms. Turner's case to this court for resolution of the pending motions. (Doc. 28).

---

[1] Ms. Turner's complaint also purports to assert "claims" for punitive damages (Count Seventeen) and discovery rule and tolling (Count Eighteen). (Doc. 1 at 5). As Defendants correctly note, punitive damages are a type of relief or remedy, not a separate cause of action. In addition, the discovery rule and tolling are doctrines that can extend the statute of limitations period under certain circumstances. To the extent Ms. Turner contends that the discovery rule or tolling should extend the statute of limitations for her claims, (*see* doc. 24 at 3), the court explains in greater detail below why that argument is not persuasive.

Defendants seek summary judgment on all of Ms. Turner's claims. Ms. Turner has conceded her claims for negligent infliction of emotional distress (Count Ten); breach of express warranty (Count Eleven); breach of implied warranty (Count Twelve); violation of consumer protection laws (Count Thirteen); and unjust enrichment (Count Fifteen). (Doc. 50). Therefore, this opinion concerns only Ms. Turner's remaining claims (Counts One through Nine and Fourteen).

Because all of Ms. Turner's remaining claims are barred by the applicable two-year statute of limitations, the court **GRANTS** Defendants motion for summary judgment (doc. 19) and **WILL ENTER** judgment as a matter of law in favor of Defendants and against Ms. Turner on all of the claims that she has not expressly conceded.

Because the court does not reach the merits of Ms. Turner's claims, the court **DENIES** as **MOOT** Defendants' motion to strike, or in the alternative, to exclude Dr. Webster's testimony. (Doc. 21).

**I.     RELEVANT BACKGROUND**

On a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

On November 17, 2003, Ms. Turner's doctor implanted her with Defendants' Gynecare TVT pelvic mesh product to treat a dropped bladder and urinary incontinence. (Doc. 19-1 at 3). At the end of 2004, Ms. Turner first experienced pain, pressure, and scarring as a result of the implant procedure and sought treatment for those symptoms. (Doc. 19-1 at 4–5; Doc. 19-2 at 4). In 2005, prior to a revision procedure, the doctor who implanted the TVT mesh product told Ms. Turner that the pain she was experiencing was related to the mesh. (Doc. 19-1 at 5; Doc. 19-2 at 5). Ms. Turner filed suit on December 31, 2018. (Doc. 1).

## II.   DISCUSSION

In deciding a motion for summary judgment, the court must determine whether, accepting the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Hamilton*, 680 F.3d at 1318. "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

Defendants move for summary judgment, arguing that Ms. Turner's claims are barred by the applicable statute of limitations. (Doc. 20 at 4–6).[2] The court agrees.

Under Alabama law,[3] Ms. Turner's negligence and fraud claims are subject to a two-year statute of limitations. *See* Ala. Code § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). This two-year period begins to run "when there has occurred a manifest, present injury," which means there are "observable signs or symptoms . . . the existence of which is medically identifiable." *Griffin v. Unocal Corp.*, 990 So. 2d 291, 310 (Ala. 2008).

Ms. Turner first began experiencing alleged injuries from the TVT mesh implant in 2004, within a year of her implantation procedure. (Doc. 19-1 at 4–5; Doc. 19-2 at 4). And her implanting physician informed her in 2005, prior to a revision procedure, that the pain she was experiencing was due to the mesh implant. (Doc. 19-1 at 5; Doc. 19-2 at 5). Construing these facts in the light most favorable to Ms. Turner, the statute of limitations began to run in 2004 or 2005 because that is when she experienced "a manifest, present injury." *See Griffin*, 990

---

[2] Defendants also argue that they are entitled to judgment as a matter of law on the merits of Ms. Turner's claims. (Doc. 20 at 6–11). The court need not reach those arguments because the statute of limitations bars this action.

[3] The parties agree that Alabama law applies to Ms. Turner's claims. (*See* Doc. 20 at 4; Doc. 24 at 3–4).

So. 2d at 310. And the two-year statute of limitations expired in 2006 or 2007. However, Ms. Turner did not file her lawsuit until eleven or twelve years later, on December 31, 2018. (Doc. 1). Therefore, Ms. Turner's claims are barred by the statute of limitations.

Ms. Turner concedes that she had "a mesh implant that was revised in 2005 due to suspected partial erosion of the sling." (Doc. 34 at 3). But she argues that the statute of limitations did not begin to run until 2017 when she "learned the identity of the manufacturer of the mesh that caused her injuries." (Doc. 24 at 4). This argument is problematic for at least two reasons.

First, in support of her position, Ms. Turner submitted an affidavit from her implanting physician dated May 3, 2017, attesting that he implanted Ms. Turner with an Ethicon TVT. (Doc. 24 at 3) (citing Doc. 24-1). But Ms. Turner has provided no sworn evidence that May 2017 was this was the first time she learned of Defendants' identity. The physician's affidavit establishes that he in fact implanted Defendants' mesh product; it proves nothing about when Ms. Turner first learned that Defendants manufactured the product.

Second, even if Ms. Turner did not know Defendants' identity until 2017, when she learned of Defendants' identity is irrelevant to the statute of limitations inquiry. A cause of action accrues when a plaintiff's injury is manifest, meaning it "has become evidenced in some significant fashion whether or not the

patient/plaintiff actually becomes aware of the injury." *Griffin*, 990 So. 2d at 311 (internal quotation marks omitted).  Ms. Turner has not cited, and the court has not located, authority demonstrating that knowledge of a defendant's identity alters this rule.  Moreover, Alabama law accounts for the position in which Ms. Turner found herself.  Ms. Turner's recourse was to timely file suit against a fictitious party and exercise due diligence to determine the party's true name and substitute that party as the named defendant.  *See* Ala. R. Civ. P. 9(h), 15(c)(4); *Ex parte Integra LifeSciences Corp.*, 271 So. 3d 814, 820 (Ala. 2018).

Ms. Turner also appears to contend that the statute of limitations does not bar her claims because the statute was tolled.  The section of Ms. Turner's response in opposition to summary judgment that addresses the statute of limitations issue contains a heading that states that "fraudulent concealment tolled the state of limitations."  (Doc. 24 at 3).  But Ms. Turner presents no discussion or authority to support this conclusory statement.  (*See* Doc. 24 at 3–4).  Therefore, Ms. Turner has abandoned any argument that fraudulent concealment should toll the statute of limitations.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (A party "abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or

discussion, constitutes abandonment of that issue and precludes our considering the issue . . . .").

Even if the issue is not waived, Ms. Turner has offered no evidence regarding the facts and circumstances of how Defendants purportedly concealed her causes of action or injury.  (*See* Doc. 24 at 3–4).  This is insufficient to meet her burden of submitting substantial evidence creating genuine disputes of fact to survive summary judgment.  *See McKenzie v. Janssen Biotech, Inc.*, 295 So. 3d 617, 623 (Ala. 2019) ("[G]eneralized allegations that a defendant had concealed a cause of action, unsupported by specific facts concerning that concealment or the plaintiffs' discovery of that concealment, [a]re insufficient to toll the statute of limitations under [Ala. Code] § 6–2–3.").

### III.  CONCLUSION

Because Ms. Turner's remaining claims (Counts One through Nine and Fourteen) are barred by the applicable two-year statute of limitations, the court **GRANTS** Defendants' motion for summary (doc. 19) as to those claims and **WILL ENTER JUDGMENT AS A MATTER OF LAW** in favor of Defendants and against Ms. Turner on those claims.

Because the court need not reach the merits of Ms. Turner's claims, the court **DENIES** as **MOOT** Defendants' motion to strike Ms. Turner's expert designation, or in the alternative, to exclude Dr. Webster's testimony.  (Doc. 21).

The court will enter a separate final judgment consistent with this memorandum opinion and order.

**DONE** and **ORDERED** this July 29, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE